# Pierson *v.* The State.

*Prosecution for Appearing in Public while Drunk.*

1. *Warrant of arrest; when properly returned to criminal court of Pike county, though issued by a justice of the peace.*—Under the provisions of the act establishing the criminal court of Pike county, as under the statute regulating proceedings in county courts, (Acts of 1888-89, p. 631; Acts of 1890-91, p. 391; Code, § 4600), a warrant of arrest for a misdemeanor may be issued by a justice of the peace of Pike county returnable before the criminal court of said county.

[Pierson v. The State.]

2. *Same; trial of misdemeanors in Pike county; construction thereof.*—The act approved February 21, 1899, entitled "An act to prescribe and regulate the trial of misdemeanors" in Pike county (Local Acts of 1898-99, p. 1321), applies only to cases where the officer issuing the warrant has jurisdiction to finally hear and determine the cause; and where the justice of the peace issuing a warrant of arrest for a misdemeanor has no jurisdiction of the offense charged, he may make the warrant of arrest returnable to the criminal court of Pike county, and upon the return of such warrant the criminal court acquires jurisdiction.

APPEAL from the Criminal Court of Pike.

Tried before the Hon. E. B. WILKERSON.

The appellant was prosecuted and convicted for appearing in a public place while drunk or intoxicated. The prosecution was commenced by an affidavit made before one R. U. McLure, a justice of the peace. The warrant issued upon this affidavit was made returnable before the criminal court of Pike county. When the cause was called for trial in the criminal court of Pike county the defendant pleaded to the jurisdiction of the court, upon the ground that the affidavit was made before R. U. McLure, a justice of the peace in beat No. 1 in said county; that the warrant of arrest was issued by said justice of the peace and made returnable to the judge of the criminal court of Pike county, and that the offense charged was committed, if committed at all, in beat No. 1; and that R. U. McLure had jurisdiction of the alleged offense, and the warrant should have been made returnable to him as such justice of the peace as provided by the act of the General Assembly "to prescribe and regulate the trial of misdemeanors," approved February 21, 1899 (Local Acts of 1898-99, p. 1321) ; and that, therefore, the criminal court of Pike county was without jurisdiction. To this plea the State demurred upon the ground that under the statutes governing county courts the justice of the peace had the right to make the warrant returnable to the criminal court of Pike county and upon the further ground that the act approved February 21, 1899, was unconstitutional and void. This demurrer was sustained, to which ruling of the court the defend-

ant duly excepted. This ruling presents the only question reviewed on the present appeal.

S. M. DINKINS, for appellant.

CHAS. G. BROWN, Attorney-General, for the State.

TYSON, J.—In *Harden v. The State*, 109 Ala.50, this court held that under the provisions of the act establishing the criminal court of Pike county, as under the statute regulating proceedings in the county court, a warrant of arrest for a misdemeanor, may be issued by a justice of the peace, returnable before that court. Acts, 1888-89, p. 631; Acts, 1890-91, p. 391; Code, § 4600. It is not controverted that the criminal court of Pike county has jurisdiction of the offense here charged—that of appearing in public while drunk or intoxicated. The point taken by the motion and plea of defendant is, that the criminal court had no jurisdiction for the reason that the justice of the peace who issued the warrant should have made it returnable before himself in accordance with the requirements of the act approved February 21, 1899, (Local Acts, 1898-99, p. 1321), entitled "An act to prescribe and regulate the trial of misdemeanors." Without reference to its constitutionality which is assailed, the motion and plea of the defendant cannot be sustained. This act applies only to cases where the officer issuing the warrant has jurisdiction to finally hear and determine the cause. The justice issuing this warrant had no such jurisdiction of the offense here charged.—Code, § 4630.

Affirmed.